UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS,<br><br>                     Petitioner,<br><br>v.<br><br>MARCUS POLLARD, Warden,<br><br>                     Respondent. | Case No.: 20cv0445 BAS (JLB)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; and (2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

**I.    INTRODUCTION**

On January 27, 2020, Petitioner Keith Thomas filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Court dismissed the action without prejudice and with leave to amend on March 13, 2020 because Petitioner sought to challenge two separate state court judgments in one habeas corpus petition and because he had failed to either pay the $5.00 filing fee or file a motion to proceed in forma pauperis ("IFP"). (ECF No. 2.) Petitioner was given until May 19, 2020 to file an amended petition that cured the pleading deficiencies outlined in the Court's Order, and either pay the $5.00 filing fee or file a motion to proceed IFP. (*Id.*)

On April 1, 2020, Petitioner filed a First Amended Petition. (ECF No. 3.) Petitioner did not, however, pay the $5.00 filing fee or file a motion to proceed IFP. The Court advised Petitioner that the case could not proceed unless he satisfied the filing fee

requirement, and he was reminded of the May 19, 2020 deadline. (ECF No. 4.) Petitioner did not pay the $5.00 filing fee or file a motion to proceed IFP by the deadline, and thus the Court ordered that the case be closed. (ECF No. 5.)

On June 18, 2020, Petitioner filed a Notice of Appeal in the Ninth Circuit Court of Appeals. (ECF No. 7.) Petitioner then filed a motion to proceed IFP in his case in front of this Court on June 22, 2020. (ECF No. 9.) This Court asked the Ninth Circuit for a limited remand in order to consider Petitioner's motion to proceed IFP, which the Ninth Circuit granted. (ECF Nos. 10, 12.)

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner filed a motion to proceed IFP together with a trust account statement from the institution in which he is incarcerated which shows that he has no funds in his trust account at the facility in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis. The Clerk of the Court shall file the petition without prepayment of the filing fee.

## III. FAILURE TO ALLEGE A COGNIZABLE FEDERAL CLAIM

In accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

28 U.S.C. § 2254(a) sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a); *see Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under

§ 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner claims the state courts improperly applied California Penal Code § 1170.126 to his case. ("Am. Pet.," ECF No. 3 at 6.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights has been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365–66. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.*

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The Court also notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

/ / /

4

20cv0445 BAS (JLB)

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and **DISMISSES** this action without prejudice and with leave to amend. To have this case reopened, Petitioner must, **no later than September 11, 2020**, file a Second Amended Petition that cures the pleading deficiencies set forth above. *The Clerk of Court is directed to mail Petitioner a blank Second Amended Petition form together with a copy of this Order.*

**IT IS SO ORDERED.**

**DATED: July 8, 2020**

Hon. Cynthia Bashant
United States District Judge