1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9         SOUTHERN DISTRICT OF CALIFORNIA
10

11   KEITH THOMAS,                      Case No.:  20-cv-00445-TWR (JLB)
12                     Petitioner,
                                        **REPORT AND**
13   v.                                 **RECOMMENDATION RE:**
                                        **PETITIONER'S SECOND**
14   MARCUS POLLARD, Warden,            **AMENDED PETITION**
15                     Respondent.
                                        **[ECF No. 18]**
16

17

18        Petitioner Keith Thomas ("Petitioner"), a state prisoner *proceeding pro se* and *in*
19   *forma pauperis*, filed a Petition for Writ of Habeas Corpus (the "Petition") on January 27,
20   2020.  (ECF Nos. 1, 13.)  On August 14, 2020, Petitioner filed a Second Amended Petition.
21   (ECF Nos. 18, 21.)   On October 26, 2020, Respondent filed an Answer and Notice of
22   Lodgment (ECF Nos. 27, 28), and on December 2, 2020, Petitioner filed a Traverse (ECF
23   No. 31).
24        This Report and Recommendation is submitted to United States District Judge Todd
25   W. Robinson pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United
26   States District Court for the Southern District of California.  The Court, having reviewed
27   the operative Second Amended Petition, Respondent's Answer, Petitioner's Traverse, and
28   the entire record, **RECOMMENDS** that the Second Amended Petition be **DENIED**.

## I.   BACKGROUND

### A.   Factual Background

#### 1.   Events Underlying Conviction

On February 1, 2010, in *People v. Thomas*, San Diego Superior Court[1] Case No. SCD 221955, Petitioner was found guilty by a jury of battery by gassing a peace officer in a detention facility[2] in superior court, in violation of Cal. Penal Code § 243.9(a).[3]  (ECF No. 28-1 at 1; *see also* ECF No. 28-4 at 161–86.)  In a bifurcated proceeding, the jury found that Petitioner had been convicted of seven prior strike offenses, including: carrying a concealed weapon (Penal Code § 12025(b)); burglary (Penal Code § 459); bringing weapons into a state prison or jail (Penal Code § 4574); attempted sale, ownership or manufacture of illegal weapons (Penal Code §§ 664, 12020); and seven counts of criminal threats (Penal Code § 422).  (ECF No. 28-4 at 165–75; *see also* ECF Nos. 28-1 at 2; 28-10 at 3.)  The jury also found that Petitioner had served three prior prison terms.  (*Id.*)  On March 4, 2010, the trial court sentenced Petitioner to a term of twenty-five years to life in state prison plus three years for prison priors.  (ECF No. 28-4 at 176.)

The factual background of the underlying offense, as summarized in the Court of Appeal's[4] November 15, 2010 opinion (Case No. D056958), is as follows[5]:

> On July 9, 2009, Sheriff's Deputy John Valente was escorting nurse Jennifer Marquez on her daily rounds to administer medications to inmates.  After Deputy Valente unlocked the food flap in Thomas's door, Thomas threw two milk cartons full of what appeared to be urine through the flap.  The contents of the first carton hit both individuals, but the contents of the second carton hit only Deputy Valente, with some of the urine landing on his exposed arm.

---

[1]   All references herein to "superior court" refer to the Superior Court of the State of California in and for the County of San Diego.

[2]   At the time of the events in question, Petitioner was an inmate at the County of San Diego Central Jail.  (ECF No. 28-1 at 1.)

[3]   All references herein to the "Penal Code" refer to the California Penal Code.

[4]   All references herein to the Court of Appeal refer to the California Court of Appeal, Fourth Appellate District.

[5]   The parties do not dispute the facts as set forth by the Court of Appeal.

Subsequent testing of the clothing worn by Deputy Valente and Marquez was inconclusive for the presence of urine, meaning the presence of urine could not be definitely identified or ruled out.  Nonetheless, both individuals recognized the urine smell coming from their clothes after the incident, and Marquez described the liquid that pooled on her cart as light yellow in color.

Thomas, who represented himself at trial, testified in his own defense.  He claimed that he had thrown a single milk carton of water, and denied telling an investigator after the incident that he had been keeping a mixture of urine and water in a cup.  On rebuttal, the investigator who interviewed Thomas after the incident testified that Thomas told him about saving urine and water in a cup.

A jury found Thomas guilty of battery by gassing.  In a bifurcated proceeding, the jury found that Thomas had been convicted of seven prior strike offenses, and had served three prior prison terms.  The trial court sentenced him to 25 years to life plus three years, in state prison.

(*Id.* at 2.)

### 2.    Direct Appeal

Petitioner appealed his state court conviction in the Court of Appeal.  (ECF No. 28-1 at 1.)  He claimed that the "trial court erred in failing to instruct the jury sua sponte on the offense of simple battery as a lesser included offense to battery by gassing a peace officer in a detention facility."  (*Id.*)  He also asserted that "the trial court incorrectly calculated his presentence custody credits."  (*Id.*)  The Court of Appeal modified the judgment to reflect the correct number of presentence custody credits and affirmed in all other respects.  (*Id.*)

Petitioner thereafter appealed the Court of Appeal's decision.  On January 19, 2011, the California Supreme Court denied the petition for review (Case No. S188933).  (ECF No. 28-2.)

### 3.    Federal Habeas Petitions on Underlying Conviction

Between July 2011 and January 2020, Petitioner filed a number of federal habeas petitions challenging his underlying conviction on bases unrelated to this Petition.  On July 1, 2011, Petitioner filed a federal habeas petition in this court challenging his

conviction for battery by gassing. *See Thomas v. Cate*, 11-cv-01488-AJB (KSC) (S.D. Cal.), ECF Nos. 1, 16, 65, 88.[6]  The petition was denied. *Id.*, ECF No. 88.

On December 18, 2019, Petitioner filed a second federal habeas petition in this court challenging his conviction for battery by gassing. *See Thomas v. Doe*, 19-cv-02428-AJB (WVG) (S.D. Cal.), ECF No. 1.  The petition was summarily dismissed as successive. *Id.*, ECF No. 2.

On December 23, 2019, Petitioner filed a third habeas petition in this court challenging his conviction for battery by gassing. *See Thomas v. Doe*, 19-cv-02480-LAB (AGS) (S.D. Cal.), ECF No. 1.  The petition was summarily dismissed as successive. *Id.*, ECF No. 3.

On January 6, 2020, Petitioner filed a fourth habeas petition in this court challenging his conviction for battery by gassing. *See Thomas v. Doe*, 20-cv-00037-JAH (AHG) (S.D. Cal.), ECF No. 1.  The petition was summarily dismissed as successive. *Id.*, ECF No. 4.

On January 8, 2020, Petitioner filed a fifth habeas petition in the U.S. District Court for the Central District of California. *See Thomas v. Doe*, 20-cv-00317-WQH (JLB) (S.D. Cal.), ECF Nos. 1, 16.  On January 10, 2020, the court issued an Order to Show Cause ("OSC"), noting that Petitioner appeared to be challenging several expired California convictions in criminal cases from Los Angeles and Orange Counties. *Id.*, ECF No. 4.  The court ordered Petitioner, who is currently serving a sentence stemming from a San Diego County conviction, to show cause why the petition should not be dismissed for lack of jurisdiction. *Id.*  On January 31, 2020, Petitioner responded to the OSC with a declaration in which he stated he was challenging his current conviction in San Diego County Superior

---

[6]  Petitioner raised three grounds for relief: (1) his right to due process was violated when the trial court improperly instructed the jury and failed to instruct on a lesser-included offense; (2) his Fifth Amendment rights were violated when a deputy was permitted to testify as to statements Petitioner made without receiving Miranda warning; and (3) his Sixth Amendment rights were violated when he was prevented from calling witnesses to testify on his behalf and prevented from cross-examining a witness who testified against him. *Id.*, ECF No. 65 at 5.

Court (Case No. SCD221955). *Id.*, ECF No. 12. The case was transferred to the Southern District of California. *Id.*, ECF No. 13. Thereafter, the petition was summarily dismissed as successive. *Id.*, ECF No. 16.

### 4. Proposition 36 Petitions

#### a. *First Proposition 36 Petition*

On May 15, 2013, Petitioner, represented by counsel, filed a Three Strikes Lifer Petition for Sentence Recall (Penal Code § 1170.126) pursuant to Proposition 36[7] in his superior court case ("First Prop. 36 Petition"). (ECF No. 28-3 at 77–78.) Petitioner asked the Court to recall his previously imposed indeterminate life sentence and re-sentence him to a determinate sentence pursuant to Penal Code § 667(1)(e). (*Id.* at 78.) On October 2, 2013, the People of the State of California (the "People") filed a motion to deny the First Prop. 36 Petition. (*Id.* at 113–87.) On February 27, 2014, Petitioner filed a memorandum in support of the First Prop. 36 Petition. (ECF No. 28-4 at 2–10.) Petitioner argued, in part, that Proposition 36 provides Petitioner with a liberty interest in a new sentence protected by the Due Process Clause of the United States Constitution and, therefore, Petitioner's sentence reduction could only be denied following a hearing where the prosecution proves by a preponderance of the evidence that resentencing would pose a current, unreasonable risk to public safety. (*Id.* at 6–7.)

---

[7] On November 6, 2012, California voters approved Proposition 36, which amended the Three Strikes Law to eliminate indeterminate sentences for a criminal defendant whose third felony was a nonserious or nonviolent crime. *Jones v. Allison*, 9 F.4th 1136, 1138 n.2 (9th Cir. 2021). The amendment, codified at Penal Code § 1170.126, authorizes "prisoners serving third-strike sentences whose 'current' offense (i.e., the offense for which the third-strike sentence was imposed) is not a serious or violent felony to petition for recall of the sentence and for resentencing as a second-strike case." *People v. Johnson*, 61 Cal. 4th 674, 679–80 (2015). Such an inmate "'shall be resentenced' as a second strike offender 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'" *People v. Valencia*, 3 Cal. 5th 347, 354 (2017) (citing Penal Code § 1170.126(f))).

Petitioner thereafter filed a supplemental memorandum on May 14, 2014 (*id.* at 12–19), and supplemental documentation on June 5, 2014 (*id.* at 20–32).  In his supplemental memorandum, Petitioner argued, in part, that Petitioner's constitutionally protected interest in a sentence reduction could only be denied following a jury trial where the prosecution proves beyond a reasonable doubt that resentencing Petitioner would pose a current, unreasonable risk to public safety.  (*Id.* at 13–19.)

On June 6, 2014, a decision on the First Prop. 36 Petition was continued for two years, at Petitioner's request, to July 1, 2016.  (*Id.* at 33.)  The continuance was to allow Petitioner to show the court that "he could comply with the rules and regulations imposed on him in custody and demonstrate a pattern of good behavior while in custody," and to allow the court to make a more informed determination about Petitioner's dangerousness. (*Id.* at 44, 54.)

On June 20, 2016, Petitioner filed another supplemental memorandum in support of the First Prop. 36 Petition.  (*Id.* at 33–46.)  Petitioner argued, in part, that the later-passed Proposition 47's[8] definition of "unreasonable risk of danger to public safety" should be applied to Proposition 36.  (*Id.* at 34–37.)  He also maintained the argument that Petitioner's constitutionally protected interest in a sentence reduction could only be denied following a jury trial where the prosecution proves beyond a reasonable doubt that resentencing Petitioner would pose a current, unreasonable risk to public safety.  (*Id.* at 38–43.) Petitioner further argued that he did not pose a current, unreasonable risk of danger to public safety.  (*Id.* at 44–45.)  In this regard, he noted that he had only had one incident in

---

[8]     On November 4, 2014, California voters approved Proposition 47.  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." *People v. Rivera*, 233 Cal. App. 4th 1085, 1091 (2015).  "Proposition 47 also created a new resentencing provision—section 1170.18." *People v. Lynall*, 233 Cal. App. 4th 1102, 1109 (2015).

custody since his previous appearance, which involved sending a threatening letter to a public official.  (*Id.* at 44.)

On June 29, 2016, the People filed an opposition.  (*Id.* at 47–68.)  The opposition addressed the new incident, first stating:

> On April 22, 2015, Defendant was cited for Threats to a Public Official. Prison officials received a letter from the Secret Service informing them that Defendant had written to both President Obama and his Chief of Staff, Davis [sic] McDonough.  In the letter, Defendant states multiple times that he is thinking about joining ISIS.  In his letter to Mr. McDonough he states "An eye for an eye and a tooth for a tooth, you and the president is going to burn in Hell, non Christian, if so I wish I can bring it . . .  I'm coming at you before you come at me . . . *if I'm release I'm coming to you and the president*."  (sic.)

(*Id.* at 52.)  The opposition later elaborated on the incident as follows:

> A much more serious violation occurred on May 30, 2015 when Defendant was written up for "Threatening Public Officials."  On April 22, 2015, officials at Kern Valley State Prison received a communication from the Secret Service stating they had received a letter from Defendant sent to President Obama and his Chief of Staff, Dennis [sic] McDonough.  In that letter, Defendant is unequivocal regarding his intention upon release.  He states "if I'm Release I'm coming to [Mr. McDonough] and the president." (sic.)  He explains that he will be "coming at you before you come at me" and opines "An eye for an eye and a tooth for a tooth, you and the president is going to burn in hell, non Christian, if so I wish I can bring it."  (sic.)

> Defendant also writes that he is ''thinking about joining Isis" multiple times and emphasizes his former position in the Rolling 90's street gang. These are the same sorts of threats that gave rise to a ten year prison sentence in Defendant's past, Defendant's initial custody in county jail at the time of the commitment offense, and to his placement in segregated housing once imprisoned.  Even if President Obama is not placed in serious danger by Defendant because of the high level of security protection he enjoys, this conduct shows that Defendant maintains a proclivity towards violence that is equally fueled by delusion and rage.  This tendency makes Defendant a threat to any person that he happens to interact with on the street if he is released. The fact that he was willing to threaten the President of the United States with literally no immediate provocation shows that there is nothing to deter him from threatening (or potentially using) violence against an ordinary citizen if re-sentenced.

(*Id.* at 64–65.)  The opposition attached a write-up of the incident, as well as a copy of the April 22, 2015 Rules Violation Report, the violation hearing report, a mental health assessment, a copy of the postmarked envelope enclosing the letter from Petitioner to the White House Chief of Staff, and a copy of the letter.  (*Id.* at 124–35, 144–48.)

On July 1, 2016, the superior court held oral argument on the First Prop. 36 Petition. (ECF Nos. 28-4 at 185; 28-6.)  The superior court denied the First Prop. 36 Petition, finding that Petitioner was eligible for resentencing, but posed an unreasonable risk of danger to public safety under Penal Code § 1170.126(f).  (ECF Nos. 28-4 at 185; 28-6 at 7–8, 40–45; 28-13 at 45–46.)

Petitioner, represented by counsel, filed a Notice of Appeal on July 7, 2016, and an Amended Notice of Appeal on July 21, 2016.  (ECF No. 28-4 at 156–60.)  Petitioner filed a brief in support of his appeal to the Court of Appeal on January 12, 2017.  (ECF No. 28-7.)  Petitioner argued that Proposition 47's definition of "unreasonable risk of danger to public safety" should be applied to Proposition 36, but he acknowledged that the issue had not definitively been resolved and was pending before the California Supreme Court.  (*Id.* at 23–27.)  Petitioner contended that, if Proposition 47's definition applied, there was no evidence that he would, upon release, commit any of the enumerated offenses in section 1170.18.  (*Id.* at 33.)

On July 24, 2017, the Court of Appeal affirmed the order denying the petition.  (ECF No. 28-10.)  The Court of Appeal reasoned:

> Thomas insists the superior court erred in failing to apply the Proposition 47 definition of "unreasonable risk of danger to public safety."  He argues that Proposition 47's more specific definition, by the plain terms of the statute, applies to a petition to recall and for resentencing under Proposition 36.  Our high court recently addressed this very issue, concluding Proposition 47's definition of "unreasonable risk of danger to public safety" does not apply to Proposition 36 resentencing petitions.  (See [*People v. Valencia* (July 3, 2017, S223825) ___ Cal.5th ___ [2017 Cal. LEXIS 4893, **51-52] *(Valencia)*].)  Under the principle of stare decisis, we are bound by the decisions of the Supreme Court.  (*Auto Equity Sales. Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  Thus, for the reasons set forth in *Valencia*, *supra*, 2017 Cal. LEXIS

4893, we conclude Thomas's argument lacks merit.  Accordingly, we affirm the superior court's order denying Thomas's petition under Proposition 36.

(ECF No. 28-10 at 6.)

On September 2, 2017, Petitioner, represented by counsel, filed a petition for review in the California Supreme Court, asking (1) whether "the definition of 'unreasonable risk of danger to public Safety' in Proposition 47 (Pen. Code, § 1170.18) appl[ies] retroactively to the recall and resentencing proceedings under the Three Strikes Reform Act of 2012 (Pen. Code, § 1170.126);" and (2) whether "the failure of the trial court to apply such definition deprive[d] the defendant of his right to due process within the meaning of the Fourteenth Amendment." (ECF No. 28-11 at 6.)  On October 11, 2017, the Supreme Court summarily denied review (Case No. S244129).  (ECF No. 28-12.)

b.  *Second Prop. 36 Petition*

On September 7, 2018, Petitioner, proceeding *pro se*, filed a second Proposition 36 petition ("Second Prop. 36 Petition").  (ECF No. 28-13 at 25–26, 46.)  In his Second Prop. 36 Petition, Petitioner argued that "the record show[s] that [he] has no third strike that make[s] [him] eligible for a recall of sentence under Proposition 36." (ECF No. 28-13 at 25.)  Petitioner also asserted that he had "been disciplinary free from 2014 to 2018." (*Id.*)

On October 23, 2018, the superior court denied the Second Prop. 36 Petition.  (ECF No. 28-13 at 45–46.)  Referring to the First Prop. 36 Petition, the superior court stated that Petitioner's claim under Proposition 36 "has been fully adjudicated." (ECF No. 28-13 at 46.)  Citing *In re Clark*, 5 Cal. 4th 750, 767–68 (1993), the superior court also stated that Petitioner had failed to show "that he is permitted to file successive petitions under Proposition 36 after his claim has been fully adjudicated and decided on the merits." (*Id.*)  The superior court added that Petitioner did not "present any new evidence or changes in law possibly warranting reconsideration of th[e] court's previous ruling" and the petition failed "to comply with Penal Code section 1170.126(d), which is required." (*Id.*)

On November 5, 2018, Petitioner, proceeding *pro se*, filed a notice of appeal of the superior court order denying his Second Prop. 36 Petition.  (*Id.* at 47.)  On March 13, 2019,

Petitioner, represented by counsel, filed a brief in the Court of Appeal requesting that the court independently examine the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 ("*Wende* brief").  (ECF No. 28-16.)  Petitioner listed two unbriefed issues for the court to consider, including: (1) whether "appellant [was] permitted to file successive petitions under Proposition 36 after his claim had been fully adjudicated and decided on the merits;" and (2) whether the court abused its discretion "by denying the petition without allowing appellant the opportunity to supplement the petition with evidence of changed circumstances, including, but not limited to, documents showing he has remained disciplinary free from 2014 to the present."  (*Id.* at 10.)

On June 26, 2019, the Court of Appeal affirmed the superior court's order denying the Second Prop. 36 Petition.  (ECF No. 28-17.)  The Court of Appeal stated:

> We next address the supplemental brief filed by Thomas.  In his brief, Thomas argues he has been discipline free for the past five years and thus he no longer presents a danger as that term is defined in Proposition 36.  He also argues he was entitled to file a successive petition under the circumstances of this case.  The brief extensively discusses matters outside the record on appeal, particularly his explanations for being placed in the segregate housing unit (SHU) at various times.
>
> Tuning [sic] next to the *Wende* brief filed by counsel we have reviewed the entire record as mandated by *Wende* and *Anders v. California* (1967) 386 U.S. 738 (Anders).  In order to assist our court in its review of the record, and in compliance with *Anders*, counsel has identified the following possible issues for our review: 1) Whether Thomas was permitted to file successive petitions under Proposition 36 after his claim had been fully adjudicated and decided on the merits; and 2) whether the court abused its discretion by denying the petition without allowing Thomas the opportunity to supplement his petition with evidence of changed circumstances, including, but not limited to documents showing he remained discipline free from 2014 to the present.
>
> Our review of the record as required by *Wende* and *Anders* has not identified any arguable issue for reversal on appeal.  Competent counsel has represented Thomas on this appeal.

(ECF No. 28-17 at 4–5.)

///

1
2
3
4

On July 9, 2019, Petitioner, proceeding *pro se*, filed a petition for review in the California Supreme Court appealing the Court of Appeal's decision.  (ECF No. 28-18.)  On September 11, 2019, the California Supreme Court summarily denied the petition (Case No. S256731).  (ECF No. 28-19.)

5

### c.   *Third Prop. 36 Petition*

6
7
8
9
10
11
12
13

On September 20, 2019, Petitioner filed his tenth petition for writ of habeas corpus, which the superior court construed as a third petition to recall his third strike sentence under Proposition 36 ("Third Prop. 36 Petition").  (*See* ECF No. 28-24 at 4.)  The Third Prop. 36 Petition reiterated the same arguments that were denied on appeal and asked the superior court to reconsider its July 1, 2016 denial of Petitioner's First Prop. 36 Petition.  (*Id.*)  Petitioner claimed he no longer presented a danger as defined by Proposition 36 and included a variety of exhibits to demonstrate his progress and show he had been disciplinary free for the last five years.  (*Id.*)

14
15

On December 9, 2019, the superior court denied the Third Prop. 36 Petition.  (ECF No. 28-24.)  The court reasoned:

16
17
18
19
20

> Every petitioner, even one filing in pro per, must set forth a prima facie statement of facts which would entitle him to habeas corpus relief under existing law.  (*See*, *In re Bower* (1985) 12 Cal.3d 865, 872.)  "'[T]he petitioner bears a heavy burden initially to plead sufficient grounds for relief, and then later to prove them.' [Citation.]"  (*In re Bacigalupo* (2012) 55 Cal.4th 312, 332.)

21
22
23
24
25
26
27
28

> Matters that were raised and rejected on appeal are not cognizable on state habeas corpus in the absence of special circumstances.  (*In re Huffman* (1986) 42 Cal.3d 552, 554–55; *In re Terry* (1971) 4 Cal.3d 911, 927; *In re Waltreus* ( 1965) 62 Cal.2d 218, 225).  Special circumstances to this rule, often referred to as the *Waltreus* rule, include (a) "when the habeas corpus petitioner claims a violation of his or her fundamental constitutional rights"; (b) lack of fundamental jurisdiction, i.e., jurisdiction over the person or subject matter; (c) "acts in excess of jurisdiction," such as claims of illegal sentence, denial of conduct or participation credits, or improper imposition of enhancements, where the facts do not have to be redetermined; and (d) when there has been a change in the law affecting the petitioner.  (*In re Harris* (1993) 5 Cal.4th 813, 829–830, 833–834, 836–841.)

Similarly, courts will also not consider repeated applications for habeas corpus presenting claims previously rejected, unless new law or facts justify reconsideration. (*See*, *In re Clark*, supra, 5 Cal.4th at 797–798; *In re Lynch* (1972) 8 Cal.3d 410, 439 fn. 26; *In re Reno* (2012) 55 Cal.4th 428, 478.)

Petitioner fails to provide legal justification for reconsidering claims already rejected by this court in prior petitions and recently rejected by the court of appeal. Petitioner attempts to justify his repetitious claims with circular logic, stating: "The Petitioner alleges the claim raised and rejected on appeal is not bar by the Waltreus Rule because the Petitioner herein allege claim that support the Petitioner claim." (Tenth Petition, p.7.) This is plainly insufficient. Petitioner's claims are therefore barred.

(ECF No. 28-24 at 4–5.)

### d.    *Additional state court petitions*

Between approximately November 21, 2011, and July 29, 2020, Petitioner filed at least thirteen petitions for a writ of habeas corpus in the superior court asserting various grounds, including actual innocence, ineffective assistance of counsel, improper jury instructions, inability to present certain evidence at trial, deprivation of due process, and trial court error in denying him relief under Proposition 36. (ECF No. 28-25 at 2; *see also* ECF Nos. 28-20, 28-21.) The superior court denied all of the petitions. (*See* ECF Nos. 28-21, 28-24, 28-25.) Petitioner also filed several petitions in the Court of Appeal and California Supreme Court. (*See, e.g.*, ECF Nos. 28-22, 28-25.) All of his petitions have been denied. (*See* ECF Nos. 28-23, 28-25.)

On July 29, 2020, Petitioner filed his thirteenth petition for writ of habeas corpus in superior court. (ECF No. 28-25 at 1–3.) Petitioner asserted that the superior court ruled on his First Prop. 36 Petition based on a Rules Violation Report that was "<u>not</u> present in the District Attorney motions to denied [sic] resentence." (*Id.* at 6.) Petitioner argued that he should be entitled to file a successive Proposition 36 petition because there was a change of fact, *i.e.*, that the Rules Violation Report was not presented by the District Attorney in the People's motion. (*Id.* at 7–8, 17–22.) Therefore, he argued the People did not meet its burden of showing by a preponderance of the evidence that Petitioner posed an unreasonable risk of danger to public safety. (*Id.* at 19–22.) Petitioner further argued that

the superior court did not have certain evidence which rebuts its finding of Petitioner's dangerousness.[9]  (*Id.* at 8–9, 24–26.)

On August 3, 2020, the superior court denied Petitioner's thirteenth petition for writ of habeas corpus.  (ECF No. 28-25.)  In ruling on the petition, the superior court noted that most of Petitioner's numerous habeas petitions have centered around his claim that the superior court improperly denied him relief under section 1170.126.  (ECF No. 28-25 at 1.)  The superior court further noted that Petitioner's section 1170.126 claim "has been thoroughly addressed in each instance and Petitioner has been told *countless* times that, unless he can justify a repetitious filing with new law or evidence, it will be denied."  (*Id.*)  The court denied the thirteenth petition on the basis that it had "determined that documents are yet again another attempt to collaterally attack the previous denial of relief" and "Petitioner presents no new arguments that persuade th[e] court to take any action on [the] repeated request."  (*Id.* at 2.)

///

///

---

[9]     This evidence Petitioner argues should have been considered appears to include: (1) Petitioner's 2015 certificates of completion for 100% attendance for Art Journal and Recreation Awareness, Anger Management II, Music Appreciation, Critical Thinking, Arts in Corrections, Cultural Awareness, and Responsibility & Accountability Acceptance; (2) Petitioner's 2016 certificates of completion/participation for Critical Thinking, Responsibility Accountability Workshop, Lifer-Time Goals, Beyond Anger: Connecting with Self & Others, GOGI I, Physical Fitness, Active Decision Making, Arts in Corrections, Book Club, and Victim Awareness; (3) Petitioner's 2017 certificates of completion/participation for Music, Life Skills, and Nonviolent Communication; (4) Petitioner's 2017 Earnings & Redemption Summary Statement; (5) Petitioner's 2018 certificates of completion/participation for Life Skills (Addiction Recovery, Communicable Disease) and Anxiety Management; (6) Petitioner's 2018 Earnings & Redemption Summary Statements; (7) Petitioner's 2019 certificates of completion/participation for Life Skills and Anxiety Management; (8) Petitioner's 2019 Earnings & Redemption Summary Statements; (9) April 24, 2020 statement of intent to rehabilitate Petitioner's defaulted student loans; (10) 2019/2020 letters indicating Petitioner's interest in continuing his education; and (11) several of Petitioner's declarations.  (*See* ECF No. 28-25 at 168–272.)

**B.    Procedural History**

On January 27, 2020, Petitioner commenced this case by filing a Ninth Circuit application for leave to file a second or successive petition under 28 U.S.C. § 2254. (ECF No. 1.)[10]  Petitioner stated that he was challenging the determination of his First Prop. 36 Petition under section 1170.126. (*Id.* at 1.)  Specifically, he argued the trial court abused its discretion, the Court of Appeals failed to comply with the Penal Code and California Constitution, and the California Supreme Court failed to comply with the California Rules of Evidence. (*See id.* at 3.)  The Ninth Circuit denied the application as "unnecessary," because it appeared that Petitioner had not filed any previous section 2254 petitions challenging the state court's July 2016 or October 2018 denials of his petitions for resentencing under section 1170.126. (ECF No. 1-2 at 1.)  The case was therefore transferred to this Court and the Petition was deemed filed as of January 27, 2020. (*Id.* at 2.)

On March 13, 2020, the Court dismissed the Petition without prejudice because Petitioner had failed to satisfy the filing fee requirement and had improperly challenged two separate state court judgments—the denials of his appeals to the Court of Appeals and California Supreme Court—in one habeas petition. (ECF No. 2 at 2 ("A Petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgment of each court.") (citing Rule 2(e), 28 U.S.C. foll. § 2254).)  On April 1, 2020, Petitioner filed an Amended Petition, but still failed to pay the filing fee. (ECF Nos. 3, 4.)  Therefore, the case was closed. (ECF No. 5.)

On June 22, 2020, Petitioner filed a motion for leave to proceed *in forma pauperis*, which was granted. (ECF Nos. 9, 13.)  However, the Amended Petition was dismissed

---

[10]    The Court notes that Petitioner challenged the July 2016 denial of his First Prop. 36 Petition and the June and September 2019 denials of his Second Prop. 36 Petition in an earlier federal habeas petition filed on December 18, 2019. *See Thomas v. Doe*, 19-cv-02428-AJB (WVG), ECF No. 1 at 8–35.  That petition was dismissed, however, as successive. *Id.*, ECF No. 2.

because Petitioner had failed to allege a cognizable federal claim. (ECF No. 13.) Petitioner claimed the state courts improperly applied section 1170.126. (*Id.* at 3.) However, he "[i]n no way . . . claim[ed] he is 'in custody in violation of the Constitution or laws or treaties of the United States.'" (*Id.* (citing 28 U.S.C. § 2254).)

On August 14, 2020, Petitioner filed his Second Amended Petition. (ECF No. 18; *see also* ECF No. 21 (exhibits).) Upon review, the Court reopened the case and set a briefing schedule. (ECF No. 19.) On October 26, 2020, Respondent filed an Answer and Notice of Lodgment. (ECF Nos. 27, 28.) On December 2, 2020, Petitioner filed a traverse. (ECF No. 31.)

## II.   APPLICABLE LAW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applicable here, a federal court may not grant a writ of habeas corpus on behalf of a person in state custody:

> [W]ith respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 374–90 (2000).

To determine whether section 2254(d) deference applies, the court must first identify the appropriate state court decision to review. Federal courts look "to the last reasoned decision" that resolves the claim at issue in order to determine whether that claim was adjudicated on the merits. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). A state court may decide a habeas claim on the merits "unaccompanied by an explanation" of its reasoning. *Harrington v. Richter*, 562 U.S. 86, 98 (2011). "When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits." *Johnson v. Williams*, 568 U.S. 289, 301 (2013).

When a state's highest court does not provide reasoning for its decision, a federal court on habeas review may "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Where no decision from the state court explains its underlying reasoning, federal courts must "engage in an independent review of the record" to determine whether the state court's decision was "objectively unreasonable." *Murray v. Schriro*, 882 F.3d 778, 802 (9th Cir. 2018) (quoting *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013)); *see also Richter*, 562 U.S. at 98 ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."). This is not *de novo* review; rather, federal courts must determine what arguments could have supported the state court's decision and assess whether fair-minded jurists could disagree whether those arguments are unreasonable. *Id.*

For claims adjudicated on the merits in state court, AEDPA sets a "difficult" standard to meet. *Richter*, 562 U.S. at 102. The first ground for AEDPA relief may only be met by reference to holdings, rather than dicta, of the Supreme Court published "as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). An "unreasonable application" of clearly established law must be "more than incorrect or erroneous"; the state court's application of Supreme Court precedent must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (quoting *Williams*, 529 U.S. at 409–10). "[S]o long as 'fairminded jurists could disagree' on the correctness of the state court's decision," AEDPA precludes federal habeas relief. *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The second ground for federal habeas relief may only be met with reference to the evidence in the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). As long as "'[r]easonable minds reviewing the record might disagree' about the

finding in question," AEDPA prevents federal habeas relief.  *Brumfield v. Cain*, 576 U.S. 305, 314 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

"If the claim was not 'adjudicated on the merits' by the state court, the review is to be *de novo*."  *Amado v. Gonzalez*, 758 F.3d 1119, 1130 (9th Cir. 2014) (quoting *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002)).   When it is unclear whether AEDPA deference applies, "[c]ourts can . . . deny writs of habeas corpus under § 2254 by engaging in *de novo* review[.]".  *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (citing 28 U.S.C. § 2254(a)).

## III.   DISCUSSION

### A.   Parties' Arguments

In his Second Amended Petition, Petitioner contends that, on July 1, 2016, the trial court denied him his Fourteenth Amendment right to due process by denying his request for resentencing under section 1170.126.  (ECF No. 18 at 4–13.)  Petitioner argues that the trial court abused its discretion and violated his Fourteenth Amendment due process rights by basing its decision that Petitioner was a danger to society, if released, on a Rules Violation Report, dated April 22, 2015, that was not part of the record.  (*Id.*; *see also* ECF No. 31 at 7 ("The finding of the trial court was not fairly supported by the record.  The 115 Rule Violation Report 4-22-2015 was not in the record.").)[11]  Petitioner alleges his Petition

---

[11]   Petitioner also states that his public defender "did not file a motion" to put the following documents into the record on behalf of Petitioner: (1) Certificate of Completion in 2015; (2) Order after judicial review of juvenile hall records; (3) application for leave to present late claim; (4) registration acknowledgment; (5) federal student aid history; (6) medical record of Martin Luther King hospital; (7) UCLA/Harbor General hospital medical record dated 6-30-1983; (8) Poem 115; (9) memoir rough draft; (10) probation report dated 6-7-1989; (11) probation report dated 7-11-1989; (12) medical examination dated 1-11-1990; (13) probation report dated 4-23-1991; (14) Rules Violation Report dated 9-14-1999; (15) document showing Petitioner was in Pelican Bay State Prison during the date of the Rules Violation Report; (16) autopsy report dated 12-9-1997; (17) infoshop news; (18) SCD218212 (two mistrial).  (*See* ECF No. 18 at 8–11.)  However, Petitioner does not claim he received ineffective assistance of counsel and the Court does not liberally construe his Second Amended Petition to include such a claim.  Petitioner only included one claim—a

was timely and that he exhausted his claim in the California Supreme Court by filing a petition for review regarding the denial of his Second Prop. 36 Petition.  (ECF No. 18 at 5–8.)

In his Answer, Respondent argues that Petitioner has not met his burden of showing that the trial court unreasonably rejected his claims.  (ECF No. 27-1 at 12.)  Respondent further argues that the Petition is untimely.  (*Id.* at 12–16.)  Lastly, Respondent argues that, to the extent Petitioner is challenging the application of state law, he is not entitled to federal habeas relief.  (*Id.* at 16–20.)

In his Traverse, Petitioner contends that his Petition was timely.  He asserts that he had one year from the California Supreme Court's September 11, 2019 denial of his petition for review on his Second Prop. 36 Petition to file his federal habeas petition.  (ECF No. 31 at 5–6.)  He contends that because he filed within the one year, his petition is timely.  (*Id.* at 6.)  Petitioner further argues that his claim is cognizable on federal habeas review because a federal court can determine whether a petitioner received an unfair trial under the United States Constitution, and he received an unfair trial proceeding.  (*Id.* at 7.)

## B.    The Petition was Untimely

AEDPA sets a one-year period of limitations to the filing of a habeas petition by a person in state custody.  This limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

due process claim—in his Second Amended Petition and his lengthy filing history indicates he knew how to allege a claim of ineffective assistance of counsel if he wanted to do so. (*See, e.g.*, ECF Nos. 28-18 at 10 (alleging appellate attorney "denied effective assistance of counsel"); 28-20 at 23 (bringing "ineffective assistance of counsel" claim); 28-25 (bringing "ineffective assistance of counsel" claim).)

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, the Court determines it is appropriate to apply the trigger in subsection (A),[12] because the denial of Petitioner's section 1170.126 petition constituted a new judgment. *See Clayton v. Biter*, 868 F.3d 840, 844 (9th Cir. 2017) (citing *Teal v. Superior Ct.*, 60 Cal. 4th 595, 599–602 (2014)) ("[U]nder California law, a resentencing petition does not challenge the underlying conviction or sentence; rather, it seeks to obtain the benefits of Proposition 36 and results in the entry of a new appealable order or judgment. The denial of [a petitioner's] section 1170.126 petition therefore constitutes a new judgment."); *see also Misko v. Pollard*, No. CV 20-2843 TJH (PVC), 2020 WL 7364657, at *5 (C.D. Cal. Sept. 29, 2020) (applying subsection (A) to the petitioner's section 1170.126 habeas claims), *reconsideration denied*, 2020 WL 7360275 (C.D. Cal. Dec. 14, 2020). Thus, the limitations period began to run on the date Petitioner's section 1170.126 judgment became final by the conclusion of direct review or the expiration of the time for seeking such

---

[12]     Petitioner alleges that subsection (B) applies, but he does not identify any state impediment that prevented him from filing his Petition. (ECF No. 18 at 5–6, 45.) He only identifies the California Supreme Court's July 31, 2020 letter returning an untimely petition for review relating to his Second Prop. 36 Petition. (*Id.*) Petitioner also alleges that subsection (D) applies. (*Id.* at 6.) Some district courts have applied subsection (D), reasoning that until the state court denies a section 1170.126 petition, the petitioner has no factual basis to bring a claim based on any alleged error. *See, e.g.*, *Suarez v. Lizarraga*, No. CV 17-5504-PSG (SHK), 2019 WL 4344297, at *3 (C.D. Cal. July 12, 2019); *Newman v. Fox*, No. CV 16-5587-DDP (SP), 2017 WL 9534003, at *5 (C.D. Cal. Sept. 26, 2017), *adopted by* 2018 WL 2972447 (C.D. Cal. June 7, 2018). However, if the Court were to apply subsection (B), the statute of limitations would begin to run a year from July 1, 2016. As courts are instructed to apply the latest applicable date, the Court will apply subsection (A).

review.  *See* 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 119–20 (2009).

The trial court denied the First Prop. 36 Petition on July 1, 2016.  Petitioner filed an appeal in the Court of Appeal on July 7, 2016.  On July 24, 2017, the Court of Appeal affirmed the order denying the First Prop. 36 Petition.  On September 2, 2017, Petitioner filed a petition for review in the California Supreme Court.  On October 11, 2017, the Supreme Court summarily denied review.  Petitioner did not seek review in the United States Supreme Court.  Accordingly, Petitioner's section 1170.126 judgment became final ninety (90) days later, on January 9, 2018.  *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); S. Ct. Rule 13.  Therefore, as argued by Respondent, Petitioner had until January 9, 2019, to file a federal habeas petition.  (ECF No. 27-1 at 14.)  Petitioner did not file his Petition until January 27, 2020, over a year after AEDPA's one-year limitations period tolled.  Accordingly, the Petition is untimely unless Petitioner is entitled to statutory or equitable tolling.

### 1.   Statutory Tolling

Statutory tolling is available under AEDPA during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C § 2244(d)(2); *accord Evans v. Chavis*, 546 U.S. 189, 192 (2006); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001).  "The time that an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans*, 546 U.S. at 191.  Thus, AEDPA's one-year limitations period is tolled both for the days during which California's courts actually considered a petitioner's habeas petitions as well as for the time between such petitions, provided that the petitions were timely filed.  *See Velasquez v. Kirkland*, 639 F.3d 964, 967 (9th Cir. 2011).

"If the time to file a federal petition has not already expired when a second round of properly filed California habeas petitions begins, the second round of petitions will also

toll the § 2244(d)(1) period." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citing *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001)).  "For tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition." *Id.* (citing *Townsend v. Knowles*, 562 F.3d 1200, 1205 (9th Cir. 2009)).  The time between the completion of a full first round and the beginning of a second round is not tolled. *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003).

Petitioner filed his Second Prop. 36 Petition on September 7, 2018, within the limitations period.  On October 23, 2018, the superior court denied the Second Prop. 36 Petition, citing *In re Clark*, 5 Cal. 4th 750, 767–68 (1993).  (ECF No. 28-13 at 45–46.)[13] In *In re Clark*, the California Supreme Court stated that "[i]t has long been the rule that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected.  The court has also refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment."  5 Cal. 4th at 767–68 (internal citations omitted).  The California Supreme Court held that "absent justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied."  *Id.* at 797; *accord In re Morgan*, 50 Cal. 4th 932, 945 (2010); *see also In re Friend*, 11 Cal. 5th 720, 728 (2021), as modified (Sept. 1, 2021) (the "successiveness bar . . . preclude[s] consideration of the claim").[14]

---

[13] Although the "trial court's denial of [a] petitioner's section 1170.126 motion for recall of sentence . . . is an appealable order under [Cal. Penal Code § 1237(b)]," *Teal*, 60 Cal.4th at 601, the superior court appears to have treated Petitioner's Second Prop. 36 Petition as a habeas petition by citing *In re Clark*.  For purposes of this Order, this Court will do so as well.

[14] The bar is not absolute, but "[b]efore a successive petition will be entertained on its merits the petitioner must explain and justify the failure to present claims in a timely manner in his prior petition or petitions."  *Id.* at 774; *see also In re Friend*, 11 Cal. 5th at 728 (noting the bar leaves open a "safety valve for those rare or unusual claims that could

21

In denying the Second Prop. 36 Petition, the superior court stated that Petitioner's claim under Proposition 36 had "been fully adjudicated." (ECF No. 28-13 at 46.) The superior court also stated that Petitioner had failed to show "that he is permitted to file successive petitions under Proposition 36 after his claim ha[d] been fully adjudicated and decided on the merits." (*Id.*) The superior court added that Petitioner did not "present any new evidence or changes in law possibly warranting reconsideration of th[e] court's previous ruling" and the petition failed "to comply with Penal Code section 1170.126(d), which is required." (*Id.*)

Petitioner did not file a petition for review in the Court of Appeal, but rather a *Wende* brief appealing the superior court's order denying his Second Prop. 36 Petition. (ECF No. 28-16.) The *Wende* brief identified two unbriefed issues to assist the Court of Appeal in its review, including the following: "Was appellant permitted to file successive petitions under Proposition 36 after his claim had been fully adjudicated and decided on the merits?" (*Id.* at 10.) After review of the record, the Court of Appeal affirmed the superior court's denial of the Second Prop. 36 Petition, providing only the following explanation: "Our review of the record as required by *Wende* and *Anders* has not identified any arguable issue for reversal on appeal." (ECF No. 28-17 at 5.) On July 9, 2019, Petitioner filed a petition for review in the California Supreme Court appealing the Court of Appeal's denial. (ECF No. 28-18.). On September 11, 2019, the California Supreme Court summarily denied his petition for review. (ECF No. 28-19.)

On September 20, 2019, without first obtaining leave from any state court to file a successive section 1170.126 petition, Petitioner filed his Third Prop. 36 Petition. This was his tenth habeas petition overall, but his first self-designated habeas petition based on his section 1170.126 claim. It was filed approximately eight months after the statute of limitations ran under AEDPA. (*See* ECF No. 28-24 at 4.) The superior court construed it

not reasonably have been raised at an earlier time" (citation and internal quotation marks omitted)).

as "essentially a third petition to recall his third strike sentence under Proposition 36 (Pen. Code § 1170.126), relitigating the same arguments that were just denied on appeal and asking this court to reconsider its July 1, 2016 denial of Petitioner's [First Prop. 36 Petition]." (*Id.*)  In his Third Prop. 36 Petition, Petitioner claimed he no longer presented a danger as defined by Proposition 36 and included a variety of exhibits to demonstrate his progress and show he has been disciplinary free for five years.  (*Id.*)  In denying the petition, the superior court noted the following two legal principles: (1) "[m]atters that were raised and rejected on appeal are not cognizable on state habeas corpus in the absence of special circumstances"; and (2) "courts will . . . not consider repeated applications for habeas corpus presenting claims previously rejected, unless new law or facts justify reconsideration." (*Id.*)  The trial court concluded that Petitioner's claims were procedurally barred.  (*Id.* at 4–5.)

Approximately seven months after the superior court denied Petitioner's Third Prop. 36 Petition/tenth habeas petition, Petitioner filed his thirteenth habeas petition for writ of habeas corpus, again alleging that the trial court erred in denying him relief under section 1170.126. (ECF No. 28-25 at 2.)  In its August 3, 2020 order denying Petitioner's thirteenth petition, the superior court stated that Petitioner's section 1170.126 claim "has been thoroughly addressed in each instance and Petitioner has been told *countless* times that, unless he can justify a repetitious filing with new law or evidence, it will be denied." (ECF No. 28-25.)  The superior court "determined that [the] documents are yet again another attempt to collaterally attack the previous denial of relief" and further concluded, "Petitioner presents no new arguments that persuade th[e] court to take any action on [the] repeated request." (*Id.* at 2.)

Successive petitions do not toll 28 U.S.C. § 2244(d)(2)'s one-year limitation period if the state application is not properly filed. *See Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("For tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition.").  Because the superior court denied the Second Prop. 36 Petition with a citation to *In re Clark*, the Second Prop. 36 Petition did

not toll the statute of limitations.  *See Polk v. Hughes*, No. 12-cv-05986-VC (PR), 2015 WL 1322304, at *3 (N.D. Cal. Mar. 24, 2015).[15]  "[A] successive petition is a delayed petition" and "if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled." *Id.* (citing *In re Clark*, 5 Cal.4th at 770; *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005)); *see also Walker v. Martin*, 562 U.S. 307, 312, 319 (2011) ("Three leading decisions describe California's timeliness requirement: *Robbins*, *Clark*, and *Gallego*" and "California courts regularly invoke *Clark*, *Robbins*, and *Gallego* to determine whether a habeas petition is time barred"); *Curiel v. Miller*, 830 F.3d 864, 870 (9th Cir. 2016) ("a summary denial with citations to the relevant California precedent on untimely habeas petitions is sufficient to impose an untimeliness bar").  Petitioner bases his calculation of the timeliness of his Petition on the California Supreme Court's September 11, 2019 denial of his Second Prop. 36 Petition.  This date is only relevant to the calculation if the statutory period was tolled upon the filing of his Second Prop. 36 Petition, which it was not.[16]

---

[15]   *See also Rivas v. Koenig*, No. 121CV00309DADJLTHC, 2021 WL 4262238, at *4 (E.D. Cal. Sept. 20, 2021); *Johnson v. Montgomery*, No. CV 19-10380-PA (JPR), 2021 WL 3610481, at *2, *4 (C.D. Cal. May 26, 2021), *adopted by* 2021 WL 3603165 (C.D. Cal. Aug. 12, 2021); *Schmidt v. Neuschmid*, No. 19-CV-05447-WHO (PR), 2020 WL 2747867, at *2 (N.D. Cal. May 27, 2020); *Bowman v. Perry*, No. 15-CV-01235-BAS(KSC), 2016 WL 4013675, at *3 (S.D. Cal. July 27, 2016); *but see Hughes v. Paramo*, No. CV 17-154-FMO (PJW), 2018 WL 3238585, at *5 n.4 (C.D. Cal. June 25, 2018) (addressing the disagreement among some district courts on the issue of whether "successive petitions filed in state court are 'properly filed' and toll the statute of limitations" before concluding that successive petitions are not properly filed), *adopted by* 2018 WL 3218096 (C.D. Cal. June 29, 2018); *Carino v. Holland*, No. CV 16-5629-R-KK, 2017 WL 382230, at *4 (C.D. Cal. Jan. 25, 2017) (declining to rule on the timeliness of the petition based on a statutory tolling calculation in light of the lack of clarity on the issue under Ninth Circuit law).

[16]   Arguably, the Second Prop. 36 Petition was also improperly filed because it failed "to comply with Penal Code section 1170.126(d), which is required."  (ECF No. 28-13 at 46.)  A state habeas petition is "properly filed" for tolling purposes only when its "delivery and acceptance are in compliance with the applicable laws and rules governing filings,"

1    For the foregoing reasons, the Court finds that the Petition is untimely unless
2 Petitioner is entitled to equitable tolling for the time between January 9, 2019 and
3 January 27, 2020.

4    2.    Equitable Tolling

5    Equitable tolling is appropriate when "extraordinary circumstances" beyond a
6 petitioner's control make it impossible to file a petition on time. *Holland v. Florida*, 560
7 U.S. 631, 649 (2010); *see also Miranda v. Castro*, 292 F.3d 1065, 1066 (9th Cir. 2002)
8 ("[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest
9 the exceptions swallow the rule") (quotation and citation omitted and brackets in original).
10 "When external forces, rather than a petitioner's lack of diligence, account for the failure
11 to file a timely claim, equitable tolling of the statute of limitations may be appropriate."
12 *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling
13 must establish two elements: "(1) that he has been pursuing his rights diligently, and (2)
14 that some extraordinary circumstance stood in his way." *Pace v. Diglielmo*, 544 U.S. 408,
15 418 (2005). Petitioner must also establish a "causal connection" between the extraordinary
16 circumstance and his failure to file a timely petition. *See Bryant v. Arizona Att'y Gen.*, 499
17 F.3d 1056, 1060 (9th Cir. 2007).

18    Petitioner has not made any credible argument for equitable tolling, and the Court
19 finds no basis for it from its review of the record. Petitioner argues that it took from
20 October 11, 2017 to August 2018 "to investigate the case diligently." (ECF No. 31 at 3.)
21 However, it is unclear what Petitioner was investigating. Petitioner filed his Second Prop.
22 36 Petition on September 7, 2018. The sole basis for his Second Prop. 36 Petition, after
23 months of alleged investigation, was as follows:

> Let the record show that the defendant has no third strike that make[s] the
> defendant eligible for a recall of sentence under Proposition 36. The
> defendant has been disciplinary free from 2014 to 2018. The defendant has

which "prescribe, for example, the form of the document." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

certificate[s] of participat[ion] in program[s] while in prison from 2014 to 2018.

(ECF No. 28-13 at 25.)

Regardless, the basis of Petitioner's claim in his Second Amended Petition is that the April 22, 2015 Rules Violation Report was not in the record before the trial court in deciding his First Prop. 36 Petition. This information was available to Petitioner in July 2016. Accordingly, Petitioner has failed to demonstrate that some extraordinary circumstance stood in his way of filing a timely petition.[17]

Because Petitioner has failed to show that there was an extraordinary circumstance that caused his failure to timely file, Petitioner is not entitled to equitable tolling. Accordingly, the AEDPA limitation period expired on January 9, 2019, making this Petition, filed on January 27, 2020, untimely. The Court therefore recommends that the Petition be dismissed with prejudice on this basis. However, the Court will nonetheless address Respondent's other arguments.

## C.   Petitioner is Not Entitled to Relief on the Merits

### 1.   Errors of State Law Not Cognizable on Federal Habeas Review

Federal habeas relief is available only if a petitioner is alleging that he is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). "Simple errors of state law do not warrant federal habeas relief." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). Even alleged errors in the application of state laws relating to criminal sentences are not cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Brown v. Curry*, 451 F. App'x 693 (9th Cir.

---

[17]   Although Petitioner does not explicitly make this argument, the Court further notes that a petitioner's *pro se* status and lack of legal education are not extraordinary circumstances. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

2011) (citing *Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir. 1989)) ("state law sentencing errors, if any, are not cognizable on habeas review"); *Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010) (violations of state sentencing law are not cognizable on federal habeas review). "[F]ederal habeas review of a state court's application of [its sentencing laws] is limited, *at most*, to determining whether the state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." *Lewis*, 497 U.S. at 780 (emphasis added).

On this basis, district courts have consistently held that a petitioner's claim for resentencing under Proposition 36 is not cognizable on federal habeas corpus review because it is a purely state law claim. *See, e.g.*, *Wren v. Ndoh*, No. 2:19-CV-0251-WBS KJN P, 2020 WL 2126614, at *7 (E.D. Cal. May 5, 2020) (finding the petitioner's claim he is entitled to resentencing pursuant to Proposition 36 "not cognizable because it is a purely state law claim"), *adopted by* 2020 WL 3057807 (E.D. Cal. June 9, 2020); *Gonzalez v. Johnson*, No. 5:20-CV-00491-RGK-JDE, 2020 WL 1274994, at *6–7 (C.D. Cal. Mar. 17, 2020) (finding the petitioner's challenge to the trial court's discretionary ruling that he posed an unreasonable risk of danger to the public under Proposition 36 was "not cognizable in federal habeas corpus proceedings because it is a purely state-law claim"); *Rodrigo Sandoval v. CSP Sacramento Warden*, No. 2:18-CV-1960-JAM DB P, 2019 WL 1438554, at *2 (E.D. Cal. Apr. 1, 2019*)* (rejecting prisoner's claim that the state court should have resentenced him under Proposition 36 because "an alleged error of state sentencing law is not cognizable in a federal habeas proceeding"); *Pena Acevedo v. Sec'y of Corr.*, No. EDCV 17-0461-PSG-JPR, 2019 WL 2030152, at *5 (C.D. Cal. Mar. 28, 2019) ("[C]ourts within the Ninth Circuit have consistently held that whether an inmate is eligible for resentencing under Proposition 36 is a state-law question that presents no cognizable federal claim on habeas review."), *adopted by* 2019 WL 2027590 (C.D. Cal. May 6, 2019). Accordingly, to the extent Petitioner contends that the trial court abused its discretion or improperly applied state law in finding that Petitioner posed an unreasonable

20-CV-00445-TWR (JLB)

risk of danger to the public under Proposition 36, this claim is not cognizable on federal habeas review.

A petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Nonetheless, a state court's misapplication of state sentencing law may violate due process if "[the error] is so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). Here, Petitioner alleges that the trial court violated his Fourteenth Amendment due process rights by basing its decision that Petitioner was a danger to society, if released, on a Rules Violation Report, dated April 22, 2015, that was not part of the record. Although Petitioner's allegation amounts to little more than a review of the trial court's discretionary determination, the issue is easily dispatched, so the Court will turn to address Petitioner's due process claim.

### 2. Due Process Claim

#### a. *Petitioner Did Not Exhaust His Due Process Claim*

Habeas petitioners must "fairly present" federal claims to the state courts to give the state the "opportunity to pass upon and correct alleged violations of its' prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971). "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). An inquiry into whether a petitioner has fairly presented his claim is not "mechanical, but requires examination of what the petitioner said and the context in which [he] said it." *Galvan v. Ala. Dep't of Corr.*, 397 F.3d 1198, 1205 (9th Cir. 2005). A litigant fairly presents his claim where he "explicitly alerts the court [he] was making a federal constitutional claim." *Id.*

///

///

///

///

28

Here, Respondent asserts that Petitioner exhausted his claim in a petition filed in the California Supreme Court. (ECF No. 27-1 at 2.) However, Respondent does not focus on Petitioner's due process claim regarding the Rules Violation Report.[18] With respect to this claim—that the April 22, 2015 Rules Violation Report was not included in the record before the trial court deciding his First Prop. 36 Petition—it appears that Petitioner first raised some variation of it in his thirteenth petition for writ of habeas corpus filed in superior court on July 29, 2020. (ECF No. 28-25 at 1–29.) Petitioner asserted in his thirteenth habeas petition filed in superior court that one of his grounds for relief was that he was "denied to resentence on finding of Rule Violation Report not in the record nor People's motion." (ECF No. 28-25 at 5.) Petitioner further stated that when he "appeared in trial on July 1, 2016, by the presiding Judge Louis R. Hanoian, for [a] Proposition 36 proceeding[,] . . . [the judge] denied the petition based upon the content and context of a Rule Violation Report that was <u>not</u> present in the District Attorney motions to denied resentence[.]" (*Id.* at 6.)

Petitioner contended that this was a change in fact making the trial court's denial of his First Prop. 36 Petition void. (*Id.* at 7–8.) In support of this argument, Petitioner quoted the following from *People v. Cluff*, 87 Cal. App. 4th 991, 998 (2001):

> A trial court abuses its discretion when the factual findings critical to its decision find no support in the evidence. As the court noted in *Stack v. Stack* (1961) 189 Cal.App.2d 357, 368 [11 Cal.Rptr. 177], "[i]t would seem obvious

---

[18]   The only due process claim raised by Petitioner on appeal of his First Prop. 36 Petition was that "there was no evidence that [he] would, upon release, commit any one of the enumerated offenses in section 1170.18." (*See* ECF Nos. 28-7 at 33; 28-11 at 17.) However, this due process claim was premised on Petitioner's contention that the definition of the term "unreasonable risk of danger to public safety" set forth in Penal Code section 1170.18 (Proposition 47) applied to section 1170.126. (*See* ECF No. 28-9 at 7 ("If the Supreme Court determines the plain language of 1[1]70.18 subdivision (c) means what it says, appellant's right to due process will require remand for reconsideration of his section 1170.126 request.").) In affirming the superior court's denial of the First Prop. 36 Petition, the Court of Appeals recognized that it was bound by the California Supreme Court's determination that that Proposition 47's definition of "unreasonable risk of danger to public safety" does not apply to Proposition 36 resentencing petitions. (ECF No. 28-10 at 6.)

that, if there were no evidence to support the decision, there would be an abuse of discretion."  (Italics omitted.)

(ECF No. 28-25 at 9.)  Petitioner also argued that the April 22, 2015 Rules Violation Report was not in the People's motion and therefore, the District Attorney "did not prove by a preponderance of the rule violation for the Court's finding of unreasonable risk."  (*Id.*)

On August 3, 2020, the superior court denied Petitioner's thirteenth petition for writ of habeas corpus.  (ECF No. 28-25.)  In ruling on the petition, the superior court noted that most of Petitioner's numerous habeas petitions had centered around his claim that the trial court improperly denied him relief under section 1170.126.  (ECF No. 28-25 at 1.)  The court further noted that Petitioner's section 1170.126 claim "has been thoroughly addressed in each instance and Petitioner has been told *countless* times that, unless he can justify a repetitious filing with new law or evidence, it will be denied."  (*Id.*)  The superior court denied the thirteenth petition on the basis that it had "determined that [Petitioner's] documents are yet again another attempt to collaterally attack the previous denial of relief" and "Petitioner presents no new arguments that persuade th[e] court to take any action on [the] repeated request."  (*Id.* at 2.)

There is no indication that Petitioner has exhausted his due process claim in the California Supreme Court.  Although Petitioner claims he filed a petition for review in the California Supreme Court on August 4, 2020, raising his due process claim, there is nothing before the Court to indicate that the California Supreme Court has received or ruled on this specific petition.  (*See* ECF No. 18 at 8, 78–80.)[19]  Nor is there any indication that Petitioner ever identified the federal nature of his claim in any filed petition.  In his thirteenth habeas petition before the superior court, Petitioner argued the trial court abused its discretion; not

---

[19]     The Court's review of the California Supreme Court docket indicates that Petitioner filed two petitions for writ of habeas corpus, both on April 13, 2020.  *See* Cal. Sup. Ct. Dockets, Case Nos. S261905 and S261907, *available at* https://appellatecases.courtinfo.ca.gov/.    Both of these petitions were denied on September 23, 2020 as untimely, successive, and/or repetitive.  *Id.*

that the trial court violated his due process rights.  Accordingly, the Court finds that Petitioner has failed to demonstrate that he exhausted his Rules Violation Report due process claim.[20]

Regardless, a federal habeas court may deny relief on an unexhausted claim when it is perfectly clear that the applicant does not raise even a colorable federal claim.  *See Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005); 28 U.S.C. § 2254(b)(2).  For the reasons discussed below, the Court finds that it is perfectly clear that Petitioner has not raised a colorable due process claim.[21]

> b.  *Petitioner's Due Process Claim Does Not Merit § 2254 Relief*

Based on the foregoing, it appears the California courts did not reach Petitioner's due process claim.  Accordingly, the Court will review Petitioner's claim *de novo*.  *See Jones v. Ryan*, 1 F.4th 1179, 1189 (9th Cir. 2021) (first citing *Rompilla v. Beard*, 545 U.S. 374, 390 (2005); and then citing *Weeden v. Johnson*, 854 F.3d 1063, 1071 (9th Cir. 2017)).[22]

*///*

---

[20]   The Court acknowledges that AEDPA requires a petitioner to exhaust only "remedies still available at the time of the federal petition." *Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002) (citation omitted); *see also* 28 U.S.C. § 2254(b)(1)(A).  Thus, "[i]f a petitioner failed to present his claims in state court and can no longer raise them through any state procedure, state remedies are no longer available, and [his claims] are . . . exhausted." *Id.*  Here, Petitioner arguably cannot return to state court to raise his due process claim because it would be procedurally barred.  However, for the reasons stated herein, the Court need not address that issue.

[21]   In the alternative, the Court finds that it may resolve the merits of Petitioner's unexhausted claim as Respondent has expressly waived the exhaustion requirement.  *See* 28 U.S.C. § 2254(b)(3); *see also Johnson v. Johnson*, No. ED CV 19-418-JLS-KS, 2019 WL 7666535, at *4 (C.D. Cal. Oct. 28, 2019) (finding Respondent's acknowledgment that the claims "set forth in the Petition appear to be exhausted" to evince an intent to expressly waive the exhaustion requirement) (collecting cases), *adopted by* 2020 WL 374887 (C.D. Cal. Jan. 19, 2020).

[22]   Even if the California courts arguably addressed the issue, federal courts are instructed to review an issue *de novo* if state court review is unclear.  *See Amado*, 758 F.3d at 1130.

i.   The Rules Violation Report Was Before the Trial Court

On July 1, 2016, the trial court held a hearing on Petitioner's First Prop. 36 Petition. (ECF Nos. 28-4 at 185; 28-6.)   The original hearing was continued for two years at Petitioner's request to allow him to show the court that "he could comply with the rules and regulations imposed on him in custody and demonstrate a pattern of good behavior while in custody," and to allow the court to make a more informed determination about Petitioner's dangerousness.   (ECF No. 28-4 at 33, 44, 54.)   Prior to the hearing, both Petitioner and the People had an opportunity to provide argument and evidence.   (*See* ECF Nos. 28-3 at 77–78, 113–87; 28-4 at 2–155.)

In his Second Amended Petition, Petitioner argues that the trial court abused its discretion by basing its decision that Petitioner was a danger to society if released on a Rules Violation Report, dated April 22, 2015, that was not part of the record.   (ECF No. 18 at 4–13.)   Petitioner focuses on the trial court transcript in which the judge paraphrases and then quotes the April 22, 2015 Rules Violation Report, stating:

> And Mr. Thomas' avowed prediction that he should join ISIS and that he will join and not stop until the President and his Chief of Staff are – let me sure I have the language right – "You and the President are going to burn in hell, non-Christian.  If so, I wish to bring it.  You and the President are not Christian and you, too, will burn."

(*Id.* at 11, 165.)

Petitioner argues that the letter on which the April 22, 2015 Rules Violation Report is based actually states: "I'm thinking of joining ISIS." (*Id.* at 12; 42.)  It does not state that Petitioner "vowed" to join ISIS.  (*See id.*)  Therefore, Petitioner contends that the People failed to meet its burden of showing that Petitioner was a danger to the public safety by a preponderance of the evidence, and that the trial court "illegally" used the April 22,  2015 Rules Violation Report to support its finding that he was a danger to the public safety when it was not in the record.  (*Id.*; *see also* ECF No. 31 at 3 ("[T]he petitioner's claim of abuse of discretion by the trial court for using, deciding and finding the 115 Rule Violation Report dated 4-22-2015, was not in the record nor proven by a preponderance of the evidence by

the District Attorney."); 7 ("due process . . . was violated when the 115 Rule Violation Report[] dated 4-22-2015 was not in the record nor did the District Attorney prove[] by a preponderance of the evidence of the 115 Rule Violation Report").)

However, the April 22, 2015 Rules Violation Report <u>was part of the record</u> before the trial court on Petitioner's First Prop. 36 Petition.  (*See* ECF No. 28-4 at 124–35, 144–48.)  The People attached to their June 29, 2016 opposition a write-up of the incident, as well as a copy of the April 22, 2015 Rules Violation Report, the hearing report, a mental health assessment, a copy of the postmarked envelope enclosing the letter from Petitioner to the White House Chief of Staff, and a copy of the letter.  (*See id.*)  The People both referred to and quoted the April 22, 2015 Rules Violation Report in their opposition. (*Id.* at 52, 64-65.)

During the July 1, 2016 hearing, the People and the trial court addressed the April 22, 2015 Rules Violation Report extensively.  (*See* ECF No. 28-6 at 31–32, 38–48.) The People also discussed and cited to the letter which was the basis for the Rules Violation Report, stating during the hearing:

> I would like to highlight a couple specific quotes from that letter.  [Petitioner] states—and the letter is attached specifically as Exhibit "F."  It's also reproduced at the end of Exhibit "E," the prison records.

(*Id.* at 31.)

Therefore, although Petitioner bases his due process claim on the assertion that the Rules Violation Report at issue was not in the record before the judge ruling on his First Prop. 36 Petition, that is factually incorrect.  It was a part of the record and Petitioner's claim is therefore without merit.

        ii.     Petitioner does not establish a due process violation

The Ninth Circuit has stated that "[f]ederal due process challenges to state adjudications of state substantive rights are generally cognizable" on federal habeas review.  *Clayton*, 868 F.3d at 846 n.2 (first citing *Swarthout v. Cooke*, 562 U.S. 216, 221 (2011); and then citing *Gutierrez v. Griggs*, 695 F.2d 1195, 1197–98 (9th Cir. 1983)).

Thus, when "a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication — and federal courts will review the application of those constitutionally required procedures." *Swarthout*, 562 U.S. at 220; *see also Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998) ("A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.").[23]

Here, setting aside the issue[24] of whether Proposition 36 created a liberty interest,[25] Petitioner does not establish that he was denied any procedural protections or that the procedures followed by the trial court were constitutionally insufficient. Section 1170.126 provides that a qualifying petitioner "shall be resentenced . . . unless the court, *in its discretion*, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." Penal Code § 1170.126(f) (emphasis added). "In exercising its discretion, the court may consider a wide variety of factors, such as the petitioner's whole criminal history, including 'the extent of injury to victims, the length of prior prison

---

[23]   "Although a state-created liberty interest may give rise to a procedural due process claim, it does not give rise to a substantive one." *Velasquez v. Madden*, No. CV 19-504-VBF (KS), 2019 WL 6354983, at *9 (C.D. Cal. Sept. 25, 2019) (citing *Mullins v. State of Or.*, 57 F.3d 789, 793–95 (1995)), *adopted by* 2019 WL 6348435 (C.D. Cal. Nov. 25, 2019).

[24]   *See Johnson*, 2019 WL 7666535, at *5 (finding it unnecessary to decide the initial question of whether Proposition 36 resentencing proceedings create state substantive rights before turning to the merits of the claim).

[25]   "California state courts do not consider Proposition 36 to have created a liberty interest in resentencing." *Pena Acevedo*, 2019 WL 2030152, at *6 (collecting cases); *see also Bates v. Paramo*, No. 18-CV-1563 MMA (AHG), 2020 WL 4921982, at *11 (S.D. Cal. Aug. 21, 2020) (finding unpersuasive arguments that Proposition 36 created a liberty interest); *but see Block v. Duffy*, No. CV 15-2742-AG (KS), 2018 WL 4292195, at *3 (C.D. Cal. June 21, 2018) (noting that "[i]t is not clear that [section 1170.126] creates a liberty interest by placing substantive limits on a trial court's discretion through a mandatory presumption of resentencing in light of certain designated findings"), *adopted by* 2018 WL 4292215 (C.D. Cal. Aug. 31, 2018).

commitments, and the remoteness of the crimes,' a petitioner's 'disciplinary record and record of rehabilitation while incarcerated,' and any other relevant evidence." *People v. Frierson*, 4 Cal. 5th 225, 240 (2017) (quoting § 1170.126(g)(1)–(3)). The facts upon which the court's finding of unreasonable risk is based must be proved by the People by a preponderance of the evidence. *Id.* at 239. The discretionary determination by the court "necessarily involves input from the parties and will likely result in a contested hearing." *People v. Bradford*, 227 Cal. App. 4th 1322, 1341 (2014); *see also People v. Superior Ct. (Kaulick)*, 215 Cal. App. 4th 1279, 1297 (2013) (due process requires "the prosecution be given notice and an opportunity to be heard in response to a petition for resentencing" pursuant to section 1170.126).

Here, in accordance with this guidance, the trial court received and reviewed submissions from the People and Petitioner, held a hearing, at which it heard arguments from both sides, considered Petitioner's criminal history and prison conduct, including the April 22, 2015 Rules Violation Report, and concluded, in its discretion, that the People had established by a preponderance of the evidence that Petitioner would pose an unreasonable risk of danger to public safety. (ECF No. 28-6 at 39–45.) Petitioner does not demonstrate that the Constitution or laws of the United States require more. *See Swarthout*, 562 U.S. at 220 (noting that in the context of parole, a prisoner "received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied"); *Clayton*, 868 F.3d at 846 n. 2 (noting that the petitioner "raise[d] a question not yet clearly decided" when he alleged the state court violated his federal due process rights by denying his Proposition 36 petition without a hearing); *see also Pena Acevedo*, 2019 WL 2030152, at *7 (affirming the court of appeals' determination that "Proposition 36 did not implicate *Apprendi* [*v. New Jersey*, 530 U.S. 466, 490 (2000)]" which held that facts that result in increases to the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt).

Although Petitioner claims the April 22, 2015 Rules Violation Report was not before the trial court in ruling on his First Prop. 36 Petition, there is no doubt that it was, as both

the People and the trial court quoted from it (as well as the letter underlying it) during the proceedings, and Respondent lodged a copy as part of the official record.   Any "misstatement" by the trial court on one occasion that Petitioner had an "avowed prediction that he should join ISIS" rather than he was "thinking" of joining ISIS did not render the proceeding fundamentally unfair or the trial court's decision arbitrary or capricious.  *See Lewis*, 497 U.S. at 780; *see also Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").   The trial court received and read the Petitioner's letter to the White House Chief of Staff.  Moreover, in the same proceeding, the People argued: "In the second sentence of that letter, Mr. Thomas writes, 'I'm *thinking* about joining ISIS,' and he restates that—that feeling multiple times."  (ECF No. 28-6 at 31 (emphasis added).)   The trial judge also stated: "So there have been threats to public officials, *thoughts* of joining ISIS . . . ."  (*Id.* at 44 (emphasis added).)   Accordingly, the Court finds that Petitioner's due process claim does not warrant habeas relief.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the district court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) denying Petitioner's Second Amended Petition (ECF No. 18).

**IT IS ORDERED** that no later than **February 25, 2022**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///
///
///
///
///
///
///

20-CV-00445-TWR (JLB)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS FURTHER ORDERED** that any reply to any objections shall be filed with the district court and served on all parties no later than **March 11, 2022**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  February 2, 2022

Hon. Jill L. Burkhardt
United States Magistrate Judge

20-CV-00445-TWR (JLB)